## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             CIVIL ACTION NO. 5:06-cv-00267

CHARLES E. GWINN,

        Defendant.

### MEMORANDUM OPINION & ORDER

Pending before the Court are Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses [Docket 10] and Plaintiff's Motion to Grant Unopposed Motion to Strike Defendant's Answer and Affirmative Defenses [Docket 15].  For the reasons stated below, both Plaintiff's  motion to strike [Docket 10] and Plaintiff's motion to grant unopposed [Docket 15] are **DENIED**.

On May 22, 2006, Plaintiff filed a motion to strike Defendant's affirmative defenses and portions of his answer.  After Defendant failed to respond, Plaintiff filed a motion to grant unopposed the motion to strike on June 19, 2006.  Defendant responded to the motion to grant unopposed on June 30, 2006 and attached an affidavit stating that the reason he did not respond was that he never received the motion to strike.

The Court will first address Plaintiff's Motion to Grant Unopposed Motion to Strike. Other jurisdictions within the Fourth Circuit have held that a district court may grant a motion as unopposed when the local rules of civil procedure permit such a ruling, and that motion is not a

motion for summary judgment.  For example, in *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 2005 U.S. Dist. LEXIS 39464, at *2 (M.D.N.C. July 11, 2005), the district court granted defendant's motions for sanctions as unopposed where the local rules for the Middle District of North Carolina allowed for uncontested motions to be granted without further notice.  *See* M.D.N.C. LR Civ. P. 7.3 (k) ("If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

Contrary to the Middle District of North Carolina, this Court's local rules do not contain a similar provision.  Local Rule of Civil Procedure 7.1(c)[1] of the Southern District of West Virginia states that "[m]emoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 calendar days from the date of service of the motion . . . ."  This Court does not read that language to mean all motions must be contested.  Rather, if memoranda and materials in response to motions are filed, they must be filed within 14 calendar days.  Such a reading does not require a non-movant to file a response and does not permit this Court to grant a motion merely because it was unopposed.

Given that this Court's Local Rules do not contain a provision that expressly permits a court to grant an unopposed motion, this Court will not grant the motion to strike solely because it was unopposed.  Thus, Defendant's motion to grant as unopposed is **DENIED**, and the Court will now address the parties' substantive arguments.

---

[1]The Southern District of West Virginia adopted a new set of local rules, which took effect on August 1, 2006.  The former LR Civ. P. 4.01(e), which was cited by Plaintiff in its motion,  is currently set forth in LR Civ. P. 7.1(c).

A Rule 12(f) motion to strike is the "method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent, or scandalous." *Great W. Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993) (citing 5A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1380, 644 (2d ed. 1990)).  The Rule 12(f) motion to strike standard places a "sizable burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993).  Usually, a motion to strike requires a showing that denial of the motion would prejudice the movant. *Id.*  With regard to defenses, the motion to strike "permits a district court . . . to 'order stricken from any pleading any insufficient defense' [and is] generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant as a dilatory tactic.'" *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citing WRIGHT, *supra,* § 1380, 647).  The standard by which a motion to strike is granted is when the court is convinced that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Clark,* 152 F.R.D. at 70 (quoting *BA Mortgage & Int'l Realty v. Am. Nat'l Bank*, 706 F. Supp. 1029, 1031 (N.D. Ill. 1980)).  However, the court may strike defenses "when they are clearly legally insufficient, such as when there is no bona fide issue of fact or law." *Id.* (citing *FDIC v. British-Am. Corp.*, 744 F. Supp. 116, 117-18 (E.D.N.C. 1990) (citations omitted)).

Affirmative defenses are pleadings, and therefore must meet the pleading requirements of Rule 8(a). *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  As the Supreme Court stated, "[t]he purpose of such pleading is to give the opposing party notice of the plea of [the affirmative defense] and a chance to argue, if he can, why the imposition of [the

affirmative defense] would be inappropriate." *Blonder-Tongue Lab v. Univ. of Ill. Found.*, 402

U.S. 313, 350 (1971).

In this case, it is not clear to the Court that either of Defendant's affirmative defenses are

"clearly legally insufficient." *See Clark,* 152 F.R.D. at 70.  Because Defendant is in the

precarious position of either pleading his affirmative defenses without knowing for certain

whether they will succeed, or not pleading the defenses and risk waiving them if the Plaintiff can

show prejudice or unfair surprise,[2] this Court will only require him to plead a sufficient factual

basis to put Plaintiff on notice of the defenses.

Specifically addressing Plaintiff's motion to strike Defendant's affirmative defense of

failure to state a claim upon which relief can be granted, this Court takes note that Form 20 of

the Federal Rules of Civil Procedure clearly presents this language in its first example of

defenses under Rule 12(b).  The form simply states "[t]he complaint fails to state a claim against

defendant upon which relief can be granted." FED. R. CIV. P. Form 20.  Additionally,

Defendant's claim that Plaintiff's complaint fails to state a claim upon which relief can be

granted is sufficient to put Plaintiff on notice and gives Plaintiff the opportunity to argue that

Defendant's defense is inappropriate. *See Blonder-Tongue Lab*, 402 U.S. at 350.  Plaintiff has

---

[2] "[A] party shall set forth affirmatively . . . estoppel . . ., and any other matter constituting an avoidance or affirmative defense." FED. R. CIV. P. 8(c). *See Brinkley v. Harbour Rec. Club,* 180 F.3d 598, 612 (4th Cir. 1999) ("Although it is indisputably the general rule that a party's failure to raise an affirmative defense in the appropriate pleading results in waiver . . . there is amply authority in this Circuit for the proposition that absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion.") (Citations omitted). *See also Vermont Mut. Ins. Co. v. Everette*, 875 F. Supp. 1181, 1189 (E.D. Va. 1995) ("Generally, when a party fails to raise an affirmative defense in its answer, it waives the defense.") (citing *Menedez v. Perishable Distributs., Inc.*, 763 F.2d 1374, 1378 (11th Cir. 1985)).

the opportunity to make this argument without any further notice from Defendant because the

basis of the defense is essentially the language of Plaintiff's complaint.  While Defendant's

allegation of estoppel as an affirmative defense is not accompanied by extensive factual

allegations, it puts the parties on notice of a legal defense the merits of which may be developed

in the course of discovery.  The fact that not every possible defense listed in Rule 8(c) was plead

indicates some deliberation on the part the Defendant.  Therefore, Plaintiff's motion as to

Defendant's affirmative defenses of failure to state a claim upon which relief can be granted and

estoppel[3] is **DENIED**.

Next, Plaintiff argues that numerous paragraphs of Defendant's answer, namely

paragraphs 6-15, 26-39, 41, 44, 47-49, and 51-55, do not properly answer the allegations

contained in the complaint.  Plaintiff specifically argues that Defendant's responses that the

"laws speak for themselves" should be struck because they neither admit nor deny the allegations

in Plaintiff's complaint.  Furthermore, Plaintiff requests that the Court strike Defendant's

"demand [of] strict proof."

Rule 8(b) provides that a party answering a claim shall admit or deny the allegations

supporting that claim, or may plead insufficient knowledge or information, which has the effect

of a denial.  While Plaintiff cites several cases from the Northern District of Illinois in support of

its argument, none of those cases are binding on this Court.  Therefore, the Court finds that

Defendant's responses are "denials of the Plaintiff's characterization and representation of the

[laws]," and Defendant's request for "strict proof" is "putting the Plaintiff to [its] proofs on those

---

[3] If Plaintiff can show actual prejudice in the future, it may seek additional relief as to the estoppel defense.

matters on which Plaintiff carries the burden." *Great W. Life Assurance Co.*, 834 F. Supp. at

865.

Further, each of the paragraphs in the answer of which Plaintiff complains also contain

the statement that the corresponding paragraph of Plaintiff's complaint "stands denied", which

the Court reads as a denial whether predicated upon Rule 8(d) or not. Of course, by the express

language of Rule 8(b), these denials are subject to the obligations of Rule 11.

Defendant's answer is not "redundant, immaterial, impertinent, or scandalous" and

Plaintiff has not met its burden of showing prejudice. *Id.; Clark,* 152 F.R.D. at 70.

Accordingly, Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses [Docket

10] and Plaintiff's Motion to Grant Unopposed Motion to Strike Defendant's Answer and

Affirmative Defenses [Docket 15] are both **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order

to counsel of record and any unrepresented party.

ENTER:        November 20, 2006

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE