## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:06-00267 |
| | ) | |
| CHARLES E. GWINN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Pending before the Court are the following Motions filed by the United States: (1) Motion for an Order Deeming Admitted the Matters Set Forth in its Second Requests for Admission, or, in the Alternative, an Order Requesting Defendant to Serve Full and Complete Answers and Memorandum in Support (Doc. Nos. 55 and 56.), filed on February 1, 2007; (2) Motion for an Order Deeming Admitted the Matters Set Forth in its Third Requests for Admission, or, in the Alternative, an Order Requiring Defendant to Serve Full and Complete Answers and Memorandum in Support (Doc. Nos. 71 and 72.); and (3) Motion and Memorandum to Compel Defendant to Respond to Third Request for Production, or in the Alternative, to Exclude Responsive Evidence (Doc. No. 73.), filed on April 9, 2007. Defendant Charles E. Gwinn has responded to each Motion (Doc. Nos. 65, 87, and 87.), and the United States has filed a Reply. (Doc. Nos. 67.) The Court will address each Motion *in seriatim*.

### ANALYSIS

Rule 36(a) of the Federal Rules of Civil Procedure permits a party to serve requests for admission of the truth of any matters "within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described

documents." Fed. R. Civ. P. 36(a). Rule 36(a) further provides that

> [if] a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). A party must state the grounds for objecting to any request and "must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). Rule 36(a) further provides that

> [t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6).

The vital purposes of Rule 36 are twofold. First, admissions are sought "to facilitate proof with respect to issues that cannot be eliminated from the case." Second, admissions are sought "to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, advisory committee's note (1970) amendment.

In summary, "[t]he Federal Rules of Civil Procedure permit the following responses to a request for admission: (1) an objection on the grounds that the matter demanded to be admitted is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1); (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer

2

to the rest. Fed. R. Civ. P. 36(a)." <u>Michael v. Wes Banco Bank, Inc.</u>, __ F.Supp.2d __, 2006 WL 1705935, *2 (N.D.W.Va. June 16, 2006). "[A] consideration of 'sufficiency' should focus on the specificity of the response and not on whether the response is correct." <u>Id.</u>

1.     **Motion for Order Deeming Admitted the Matters Set Forth in the United States' Second Requests for Admission (Doc. No. 55.).**

On February 1, 2007, the United States filed a Motion seeking an Order of the Court deeming admitted its second requests for admission served on Defendant Charles E. Gwinn. (Doc. No. 55.)  In response to the United States' Motion, Defendant sets forth several objections, which the Court will consider with respect to each request. (Doc. No. 65.) On September 28, 2007, the undersigned entered an Order granting in part and denying in part the United States' Motion. (Doc. No. 139.) For the reasons set forth herein, the undersigned explains the Court's reasoning.

Request number 1 and Defendant's response is as follows:

> **Request No. 1**: Please admit that for the claims identified in Exhibit A to the amended complaint you have no witness that will testify that the beneficiaries met the Medicare coverage criteria for a group II mattress.

> **Response No. 1**: Defendant objects to Request to Admit No. 1 on the ground that it is outside the scope of what is permitted by Fed. R. Civ. P. 36(a). Specifically, Request No. 1 does not seek the admission of facts or the genuineness of documents, but instead seeks discovery about witnesses to be called at trial. Fed. R. Civ. P. 36 was not designed to elicit information or obtain discovery and so it is improperly used in this Request. In addition, Request No. 1 seeks information about trial strategy and is protected by the work product doctrine. Moreover, pursuant to the Scheduling Order entered in htis case, Defendant is not due to produce a trial witness list until the pre-trial order on May 18, 2007, so this Request is premature. Request No. 1 also improperly seeks to cover the entire case, is applied to a controverted legal issue lying at the heart of the case and is not phrased so that it can be clearly admitted or denied without explanation. Finally, Request No. 1 improperly calls for the interpretation of communications, documents, and statutes.

(Doc. No. 56 at 10-11; Doc. No. 65 at 4.)

Defendant first objects to Request number 1 on the ground that it does not seek the admission

3

of any fact that the United States needs to prove at trial. (Doc. No. 65 at 5.) Rather, the request improperly seeks the disclosure of trial strategy. (Id.) The United States asserts that Defendant "has not identified any specific individual with knowledge about the beneficiaries' medical conditions, despite the obligation to supplement his initial disclosures . . . and repeated attempts by the United States to discover such information." (Doc. No. 67 at 5.) It is appropriate, therefore, the United States contends, "to seek an admission that Defendant has no such witness." (Id.)

Second, Defendant argues that the request prematurely seeks information "in the midst of discovery" as to which witnesses Defendant intends to call at trial. (Doc. No. 65 at 5.) Defendant states that neither the discovery deadline nor the Pretrial Order deadline has passed, and therefore, asserts that "it is clearly premature at this time to require Defendant to determine if he will have any witnesses to testify with respect to the 1,940 false claims alleged by the Government." (Id.) The United States asserts that the request is not directed at trial witnesses. (Doc. No. 67 at 7.) Rather, the Request "seeks an admission that Defendant has no witness who will testify that the beneficiaries met the Medicare coverage criteria" because Defendant has not identified any such witness. (Id.) "If Defendant has such witnesses . . ., he may simply deny Request[] 1." (Doc. No. 56 at 12.)

Considering Defendant's first two objections together, the Court finds that Request number 1 neither seeks the disclosure of trial strategy nor the premature disclosure of Defendant's trial witnesses. Rather, the Request is intended to uncover the identity of any individuals likely to have discoverable information that Defendant may use in his defense. The United States asserts that Defendant identified in his Rule 26(a)(1) disclosures eight such individuals, only one of whom was available to the United States for questioning. (Doc. No. 56 at 13.) The United States further asserts that "[o]therwise, Defendant has identified only broad categories of hundreds of potential witnesses,

4

including every Medicare beneficiary who received a group II mattress, their families, their care providers, and their medical providers." (Id.) Consequently, the United States has not had the opportunity to discover evidence of Defendant's claims or defenses through deposition. (Id.) Accordingly, the Court considers Request number 1 as one seeking to confirm information provided in Defendant's Rule 26(a)(1) disclosures, and therefore, is proper. Defendant's objections on this ground are overruled.

Third, citing case law from jurisdictions outside the Fourth Circuit, Defendant argues that "to the extent that Plaintiff seeks to use any response to this request as an admission that none of the 1,940 claims met the Medicare coverage criteria for a group II mattress, it is improperly seeking an admission on the crucial and central issue in dispute in the case." (Doc. No. 65 at 5.) He asserts that the 1970 amendment to Rule 36 of the Federal Rules of Civil Procedure did not eliminate this issue and that requests for admissions as to crucial and central issues in dispute are beyond the scope of Rule 36. (Id. at 5-6.) The United States asserts that pursuant to the 1970 amendment to Rule 36, a party may not object to a request for admission on the ground that it presents a genuine issue for trial. (Doc. No. 67 at 7.)

This Court stated in Reliance Ins. Co. v. Marathon LeTourneau Co., 152 F.R.D. 524, 525 (S.D.W.Va. 1994), that "[a]voidance of the requirements of the Rule by responding that a request for admission involves an issue for the jury to decide, however, fails to satisfy the criteria for answers, objections or qualified responses contemplated by Rule 36." The Court noted:

> The "issue for the jury to decide" characterization appears to be merely another way of objecting to requests on the basis that the requests relate to an "ultimate fact" or to issues of fact "dispositive of one aspect of the case"-objections which have been found inappropriate by the courts. Branch Banking & Trust Company v. Deutz-Allis Corpoartion, 120 F.R.D. 655, 658 (E.D. N.C. 1988). *See also*, City of Rome v. United States, 450 F.Supp. 378, 383 (D. D.C. 1978), *aff'd*, 446 U.S. 156, 100 S.Ct.

1548, 64 L.Ed.2d 119 (1980).

<u>Reliance Ins. Co.</u>, 152 F.R.D. at 525 n 3. Accordingly, the Court finds without merit Defendant's objection on the ground that the Request seeks an admission to the crucial issue to the case.

Fourth, Defendant argues that Request number 1 improperly seeks a conclusion of law as to whether "Defendant's evidence will establish that the beneficiaries did or did not meet the coverage criteria for a group II mattress established by the federal Medicare laws." (Doc. No. 65 at 7.) The United States asserts that the Request does not seek a legal conclusion. (Doc. No. 67 at 9.) Rather, Request number 1 "requires Defendant to admit the fact that he has no witnesses who will testify that the beneficiaries on Exhibit A met the Medicare coverage criteria for a group II mattress." (<u>Id.</u>)

Defendant correctly points out that "[a] request involving what is termed a 'pure matter of law,' i.e., requests for admissions of law unrelated to the facts of the case, is considered improper." <u>Reliance Ins. Co.</u>, 152 F.R.D. at 525 n 2 (<i>citing</i>, <u>Diederich v. Department of the Army</u>, 132 F.R.D. 614, 617 (S.D. N.Y. 1990)). However, in this instance, Request number one is not an issue of pure law. Rather, the request requires Defendant to indicate whether he has witnesses who will testify that the beneficiaries on Exhibit A met the Medicare coverage criteria for a group II mattress. At the most, the Request seeks the application of law, the federal Medicare laws, to the facts of this case. Accordingly, the request does not address a pure matter of law and Defendant's objection on this ground is overruled.

Fifth, Defendant argues that Request number 1 cannot be admitted or denied without explanation. (Doc. No. 65 at 7.) Defendant asserts that the Request presents an issue for the jury as to

whether Defendant's witnesses (and documents) presented at trial demonstrate that
Defendant is not liable for the damages sought by the Plaintiff. Unless Plaintiff is

6

> looking for an absolute admission as to liability, the Defendant cannot (and would not) state in advance of trial that no evidence that it presents at court could lead a jury reasonably to conclude that the beneficiaries met the Medicare coverage criteria.

(Id.) The United States asserts that Defendant is entitled to explain his response if he can neither admit or deny the Request. (Doc. No. 67 at 9.) However, the United States asserts that Rule 36 precludes Defendant from objecting to the request on the ground that it concerns a matter to be resolved by a jury. (Id.)

As stated above, Defendant may not object on the ground that the admission involves an issue for the jury to decide. Furthermore, Rule 36 clearly contemplates that an admission may be explained if the responding party cannot deny or admit clearly the request. Accordingly, Defendant's objection on these grounds is overruled.

Finally, Defendant argues that Request number 1 improperly seeks an admission to the interpretation of communications, documents, and statutes. (Doc. No. 65 at 7.) "What the federal Medicare statutes permit and do not permit, what the doctors saw and said, and what the medical records show are all subject to interpretation, which is not an appropriate inquiry for a request to admit." (Id. at 8.) The United States asserts that the request requires Defendant only to "evaluate his potential witnesses and then answer honestly whether any of them are expected to testify that the beneficiaries on Exhibit A suffered the conditions necessary for Medicare coverage." (Doc. No. 67 at 10.) The Court finds that Request number 1 does not require Defendant to interpret Medicare statutes and documents. However, to the extent that it does, the request seeks an application of law to fact, and therefore, is proper. Accordingly, Defendant's objection on this ground is overruled.

Request number 2 and Defendant's response is as follows:

> **Request No. 2**: Please admit that for the claims identified in Exhibit A to the amended complaint, other than the signed Group II SOP, you have no documentation

7

from the beneficiaries' medical records to establish that the beneficiaries met the Medicare coverage criteria for a group II mattress.

**Response No. 2**: Defendant objects to Request to Admit No. 2 on the ground that it is outside the scope of what is permitted by Fed. R. Civ. P. 36(a). Specifically, Request No. 2 does not seek the admission of facts or the genuineness of documents, but instead seeks discovery about documents to be introduced at trial. Fed. R. Civ. P. 36 was not designed to elicit information or obtain disocvery and so it is improperly used in this Request. In addition, Request No. 2 seeks information about trial strategy and is protected by the work product doctrine. Moreover, pursuant to the Scheduling Order entered in this case, Defendant is not due to produce a trial exhibit list until the pre-trial order on May 18, 2007. Request No. 2 also improperly seeks to cover the entire case, is applied to a controverted legal issue lying at the heart of the case and it is not phrased so that it can be clearly admitted or denied without explanation. Finally, Request No. 2 improperly calls for the interpretation of communications, documents and statutes.

Defendant asserts that the same analysis applies to Request number 2 that applied to Request number 1. (Doc. No. 65 at 8.) Defendant additionally notes that the request is improper and premature if "one assumes that all of the medical records need to be reviewed for each of the 1,940 beneficiaries listed on Plaintiff's Exhibit A." (Id. at 9.) For the reasons expressed above regarding Request number 1, the Court finds that Defendant's objections to Request number 2 are without merit, and therefore, are overruled.

Request numbers 3 and 4 and Defendant's responses are as follows:

**Request No. 3**: Please admit that for the claims identified in Exhibit A to the amended complaint, other than the signed Group II SOP, you did not review documentation in the beneficiaries' medical records to establish that the beneficiaries met the Medicare coverage criteria for a group II mattress.

**Response No. 3**: Defendant objects to Request to Admit No. 3 on the ground of relevance, in that such a procedure is not required by the Medicare regulations. In addition, Defendant objects on the ground that the Request is misleading in that such a procedure may be affirmatively precluded by HIPAA. To the extent that Plaintiff is seeking an admission that covers the entire case, or which applies to a controversial legal issue lying at the heart of the case, Defendant objects on the ground that it is outside the scope of what is permissible under Fed. R. Civ. P. 36(a).

**Request No. 4**: Please admit that for the claims identified in Exhibit A to the

8

amended complaint, other than the signed Group II SOP, you did not obtain documentation from the beneficiaries' medical records to establish that the beneficiaries met the Medicare coverage criteria for a group II mattress.

**Response No. 4**: Defendant objects to Request to Admit No. 4 on the ground of relevance, in that such a procedure is not required by the Medicare regulations. In addition, Defendant objects on the ground that the Request is misleading in that such a procedure may be affirmatively precluded by HIPAA. Defendant also objects on the ground of vagueness to the phrase "obtain documentation." To the extent that Plaintiff is seeking an admission that covers the entire case, or which applies to a controverted legal issue lying at the heart of the case, Defendant objects on the ground that it is outside the scope of what is permissible under Fed. R. Civ. P. 36(a).

These requests require Defendant to admit or deny whether, in addition to the Statement of the Ordering Physician, he personally reviewed or obtained documentation indicating that the patients met the Medicare criteria. Defendant alleges that the language of the Requests paraphrase language of certain documents the United States provided Defendant in discovery "in an unfair and confusing way." (Doc. No. 65 at 10.) Defendant asserts that the certain documents, including Medicare Medical Policy EO277, a booklet regarding Documentation Fraud and Abuse Self-Audits, and a DMERC Supplier Manual Page Template Demo, do not state that the supplier must review or obtain documents from the beneficiaries' medical records in addition to the statement of medical necessity signed by the ordering physician. (Id. at 10-12.) Accordingly, Defendant asserts that "to the extent that Requests 3 and 4 misrepresent what is required, they are confusing and irrelevant." (Id. at 12.)

The United States asserts that "Medicare requires specific documentation to support claims for group II mattresses. . . [which] includes a signed and dated statement from the beneficiary's health care provider, and clinical information in the beneficiary's medical record that supports medical necessity and substantiates the answers on the signed and dated statement." (Doc. No. 56 at 19.) Defendant's knowledge of the information contained in the patient's medical records

9

therefore, "is not only relevant, but critical to a resolution of this matter."

It appears that Defendant's first objection to Requests number 3 and 4 is grounded upon his desire not to admit or deny a critical issue in this case. The requests are neither unfair nor confusing. Rather, they concisely ask Defendant to admit or deny whether he reviewed or obtained documentation which indicated that the patients met the Medicare criteria. He seems to argue that he was not required to review or obtain documentation in addition to the Statement of the Ordering Physician. However, that is not what the United States is asking in these two Requests. Accordingly, the Court overrules Defendant's first objection. To the extent that he must explain his response, Rule 36 permits him to do so.

Defendant further objects to Requests number 3 and 4 on the grounds that they improperly seek admissions as to central and disputed facts; cover the entire case and lie at the heart of the matter; are compound, confusing, and objectionable; and that under HIPAA, he does not have "unfettered access to patient records." (Doc. No. 65 at 13.) Regarding HIPAA, the United States asserts that the HIPAA privacy rules did not become effective until April 14, 2003, which was less than six weeks before Defendant sold his interest in Group II. (Doc. No. 56 at 21.) Consequently, "from January of 1998 through April 14, 2003, HIPAA was not an issue of concern for Defendant." (Id.)

As discussed above, Defendant's objection to the Requests on the ground that they pertain to the central and disputed issues of the case is overruled. Admissions going to the ultimate issue of the case are proper under Rule 36. His objections on the grounds that the Requests are compound and confusing are likewise without merit. The Requests are straightforward. To the extent that Defendant cannot admit or deny the Requests without explanation, he is permitted under the Rules

10

to explain his response. The Court finds that Defendant's objections based on the HIPAA privacy laws likewise are without merit. The Court finds that if Defendant cannot admit or deny the Requests because HIPAA laws prevented him from accessing the patients' medical records, then he should explain this in his response.

Requests numbers 5 and 6 and Defendant's responses are as follows:

**Request No. 5**: Please admit that for the claims identified in Exhibit A to the amended complaint, you did not communicate on an ongoing basis with the clinician providing the wound care in order to accurately determine that the beneficiaries' clinical condition continued to meet the Medicare coverage criteria for a group II mattress.

**Response No. 5**: Defendant objects to Request to Admit No. 5 on the ground that Plaintiff is seeking an admission that covers the entire case, or which applies to a controverted legal issue lying at the heart of the case, and so Defendant objects on the ground that it is outside the scope of what is permissible under Fed. R. Civ. P. 36(a).

**Request No. 6**: Please admit that for the claims identified in Exhibit A to the amended complaint, that you did not communicate on an ongoing basis with the clinician providing the wound care in order to accurately determine that adequate documentation existed in the beneficiaries' medical record reflecting that the beneficiaries' clinical condition continued to meet the Medicare coverage criteria for a group II mattress.

**Response No. 6**: Defendant objects to Request to Admit No. 6 on the ground that Plaintiff is seeking an admission that covers the entire case, or which applies to a controverted legal issue lying at the heart of the case, and so Defendant objects on the ground that it is outside the scope of what is permissible under Fed. R. Civ. P. 36(a).

Defendant again objects to these Requests on the grounds that they seek admissions as to crucial issues in this case; seek admission as to conclusions of law; and seek admission as to the interpretations of statutes, documents, and communications. (Doc. No. 65 at 15.) He asserts that "[w]hat was required with respect to 'communications,' what constituted an 'ongoing basis,' and what constituted an 'accurate determination about the beneficiaries' clinical condition' and whether that clinical condition 'continued to meet the coverage criteria' are all matters of interpretation and

11

Case 5:06-cv-00267   Document 218   Filed 03/31/08   Page 12 of 22 PageID #: 2366

not appropriate for a request to admit." (<u>Id.</u>) The Commissioner asserts that Defendant's responses to the Requests "may prove damaging to Defendant's case is not a valid ground for objection." (Doc. No. 67 at 14.)

Requests number 5 and 6 seek admissions as to whether Defendant communicated with the clinician providing the wound care as to whether the patients continued to meet the Medicare coverage criteria. Contrary to Defendant's assertion, these Requests do not require him to interpret any statutes, documents, or communications. Rather, the Requests simply and concisely ask whether or not he had such communication with the wound care clinician. As stated above, the fact that the Requests seek admission as to crucial issues is not a proper ground for objection. Accordingly, Defendant's objections to Requests number 5 and 6 are overruled.

As stated above, Rule 36 permits the requesting party to move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a). Unless the objections are justified, the Court must Order that an answer be served. Accordingly, it is hereby **ORDERED** that the United States' Motion for an Order Deeming Admitted the Matters Set Forth in its Second Requests for Admission (Doc. No. 55.) is **DENIED**. It is further **ORDERED** that the United States' Alternative Motion for an Order Requiring Defendant to Serve Full and Complete Answers (Doc. No. 55.) is **GRANTED**; Defendant shall submit his responses to the United States' Second Requests for Admission on or before **Monday, April 14, 2008**.

Regarding the assertion of the Fifth Amendment testimonial privilege, Defendant asserts:

Plaintiff has noted that Defendant did not assert his fifth amendment privilege in response to the Government's Second Set of Requests for Admission. It is Defendant's position that the Second Set of Requests was procedurally flawed and required no substantive answers. It would be a miscarriage of justice for this Court to allow the Government to serve discovery that clearly exceeds the scope of what is permitted by the federal rules and then compel Defendant to assert his fifth

12

amendment testimonial privilege at the same time. Once the Government obtains its assertion of the fifth amendment to be used against the Defendant, it has accomplished what it sought. This would be a clear abuse of the discovery process. It is only when the objections as to the propriety of the discovery have been resolved that the Defendant should be compelled to raise his fifth amendment privilege from testifying, since it is only then that it would be fair for the adverse inference to be used against him.

(Doc. No. 65 at 16.) In Reply, the United States asserts that the Requests were not procedurally flawed; that Defendant made no procedural objections to the Requests, only substantive objections; and that Defendant has offered no reasonable explanation for his failure to make timely objections on Fifth Amendment grounds. (Doc. No. 67 at 14.) The United States asserts that Rule 36 does not allow for sequential objections and to allow Defendant to do so "will result in perpetual discovery disputes." (Id.)

Though the proper procedure may have been for Defendant to have reserved his right to assert his Fifth Amendment privilege against self-incrimination, this Court is not willing to bypass Defendant's significant constitutional rights on his failure to assert the privilege in addition to his objections under Rule 36. Accordingly, to the extent that the United States' Motion (Doc. No. 55.) seeks an Order finding that Defendant waived his Fifth Amendment privilege, its Motion is **DENIED**. In responding to the United States' Second Requests for Admissions, Defendant may, if he wishes, assert his Fifth Amendment privilege. The United States may then challenge the assertion of the privilege regarding specific Requests if the evidence requires it. Though this may be a tedious and cumbersome process for the parties, the Court is not aware of any other way to protect the Defendant's significant constitutional right.

### 2. Motion for Order Deeming Admitted the Matters Set Forth in the United States' Third Requests for Admission (Doc. No. 71.).

On April 9, 2007, the United States filed a Motion seeking an Order of the Court deeming

admitted its Third Requests for Admission served on Defendant Charles E. Gwinn. (Doc. No. 71.) In response to the United States' Motion, Defendant sets forth several objections, which the Court will consider with respect to each request. (Doc. No. 86.)

Requests number 1 through 7 state as follows:

**Request No. 1**: Please admit that the medical records produced by the United States for the claims identified in Exhibit A to the amended complaint demonstrate that the beneficiaries did not meet the Medicare coverage criteria for a group II mattress.

**Request No. 2**: Please admit that the medical records produced by the United States for the claims identified in Exhibit A to the amended complaint demonstrate that the beneficiaries did not have multiple state II pressure ulcers located on the trunk or pelvis.

**Request No. 3**: Please admit that the medical records produced by the United States for the claims identified in Exhibit A to the amended complaint demonstrate that the beneficiaries did not have ulcers that had worsened or remained the same during the month immediately before a group II mattress was supplied them.

**Request No. 4**: Please admit that the medical records produced by the United States for the claims identified in Exhibit A to the amended complaint demonstrate that the beneficiaries did not have large or multiple stage III or IV pressure ulcer(s) on the trunk or pelvis.

**Request No. 5**: Please admit that the medical records produced by the United States for the claims identified in Exhibit A to the amended complaint demonstrate that the beneficiaries did not have a recent myocutaneous flap or skin graft for a pressure ulcer on the trunk or pelvis (surgery within the 60 days before the group II mattress was supplied).

**Request No. 6**: Please admit that the medical records produced by the United States for the claims identified in Exhibit A to the amended complaint demonstrate that the beneficiaries had not been on a group II or III support surface immediately prior to a recent discharge from a hospital or nursing facility (discharge within the 30 days before the group II mattress was supplied).

**Request No. 7**: Please admit that the medical records produced by the United States for the claims identified in Exhibit A to the amended complaint do not support the answers on the Group II Statement of Ordering Physician forms for the Medicare beneficiaries identified in the claims.

(Doc. No. 71, Exhibit 3 at 1-11; Doc. No. 86 at 2-11.) Defendant made seven identical objections to the first seven Requests. First, Defendant objected to the Requests on the grounds that they exceed the scope of Rule 36(a), because each Request seeks an admission regarding multiple claims identified on Exhibit A to the Amended Complaint. (Id.) Defendant states that the medical records consist of more than 20,000 pages regarding 1,687 separate claims. (Id.)

The United States asserts that though the Requests seek admissions regarding numerous claims, "there is nothing in the manner in which the requests are drafted that is confusing or precludes Defendant from admitting or denying the requests as he deems appropriate." (Doc. No. 72 at 4.) Defendant however, argues that "Rule 36 requires individual requests addressing each claim separately." (Id.) The United States asserts that this procedure is neither practical nor serves the purposes of Rule 36. (Id.) The United States further asserts that "[i]n truth, there are no claims identified on Exhibit A for which the beneficiaries met the Medicare coverage criteria for a group II mattress. Consequently, Defendant's objection to the form of these requests is a smoke screen erected by Defendant to avoid admissions that will effectively gut his case." (Id. at 5.)

Second, Defendant objects to the Requests on the ground that it "is improper to seek admissions to the contents of documents incorporated by reference, except in exceptional circumstances, because it generates confusion and casts a burden upon the defendant to determine what portion contains relevant mattes of fact to be admitted or denied." (Doc. No. 71, Exhibit 3 at 1-11; Doc. No. 86 at 2-11.) The United States asserts that Rule 36, which states that copies of documents shall be served with the Request for Admission, "clearly anticipates requests for admission related to documents served with the requests or incorporated by reference." (Doc. No. 72 at 5-6.)

15

Some courts have held that generally, incorporation by reference of other documents in a request for admissions has been held improper, but may be allowed under exceptional circumstances. See Sparton Corp. v. United States, 77 Fed.Cl. 10, 18-19 (2007)(*citing* United States v. Watchmakers of Switzerland Info. Ctr., Inc., 25 F.R.D. 197, 200 (S.D. N.Y. 1959); Securities and Exchange Comm'n v. Micro-Moisture Controls, Inc., 21 F.R.D. 164, 166 (S.D. N.Y. 1957)); see also, Moore v. Rees, 2007 WL 1035013, *14 (E.D. Ky. Mar. 30, 2007).  This is because "the facts admitted in an answer to a request for admissions should be ascertainable merely by examination of the request and of the answer." Id. Furthermore, "[t]his practice generates needless confusion and unjustly casts upon the defendants the burden of determining . . . what portions . . . contain . . . relevant matters of fact [to] be admitted or denied." United States v. Consolidated Edison Co. of New York, 1988 WL 13827, *2 (E.D. N.Y. Dec. 15, 1998). In the instant case, however, the Court finds that reference to Exhibit A of the Amended Complaint is neither too broad nor nonspecific as to prevent a reasonable response to the Requests. Exhibit A to the Amended Complaint is the Business Associate Agreement entered into between Greenbrier Manor and Group II. The redacted copy of the Agreement is only seven pages in length. Furthermore, the medical records produced by the United States for the claims identified in Exhibit A are incorporated by reference. As the United States notes, these documents are set forth clearly in each Request, and therefore, there is no ambiguity about which facts the United States seeks admitted. Accordingly, the Court finds proper the United States' incorporation by reference the medical records and Exhibit A, and therefore, Defendant's objections on the first two grounds are overruled.

Third, Defendant objects to the Requests on the ground that they seek admissions as to the central facts in dispute, and therefore, are beyond the scope of Rule 36(a). (Doc. No. 71, Exhibit 3

16

at 1-11; Doc. No. 86 at 2-11.) The Court addressed above this issue with regard to the United States' previous motion. The Court therefore finds that Defendant's objection on this ground is improper, and therefore, is overruled.

Fourth, Defendant objects to the Requests on the grounds that they seek conclusions of law. (Doc. No. 71, Exhibit 3 at 1-11; Doc. No. 86 at 2-11.) The United States asserts that Defendant's objection regarding conclusions of law conflicts with his previous objection regarding central facts in dispute. (Doc. No. 72 at 7.) The United States further asserts that Requests 2 through 7 "require straightforward factual determination, while Request 1 requires, at most, an application of the Medicare coverage criteria to the specific facts presented." (Id.) As discussed above, the Court finds that the application of law to fact is permitted under Rule 36. Accordingly, the Court further finds that Requests 1 through 7, at most seek the application of law to fact, and therefore, Defendant's objections are overruled.

Fifth, Defendant objects to the Requests on the grounds that they improperly seek admissions to the interpretation of documents. (Doc. No. 71, Exhibit 3 at 1-11; Doc. No. 86 at 2-11.) The United States asserts that "[t]hough Defendant will be required to review the relevant beneficiary medical records produced by the United States, those records have not been summarized or interpreted by the United States." (Doc. No. 72 at 8.) The Court agrees with the United States and finds that Requests 1 through 7 do not seek admissions as to the United States' interpretation of any documents. Furthermore, the Requests do not require Defendant to interpret any documents, beyond reviewing Exhibit A and the pertinent medical records. Accordingly, Defendant's objections on this ground are overruled.

Sixth, Defendant objects to the Requests on the grounds that they are "onerous and

17

burdensome in that [they] require Defendant to review more than 20,000 pages of documents in order to determine if, anywhere in those documents, there is proof supporting Plaintiff's case or Defendant's case." (Doc. No. 71, Exhibit 3 at 1-11; Doc. No. 86 at 2-11.) The United States asserts that the "documents referenced by Defendant include beneficiary medical records, Group II documents and Medicare claims and payment date, all of which were produced by the United States in September of 2006, in response to Defendant's First Request for Production." (Doc. No. 72 at 9.) The United States further asserts that the documents "were presumably relevant to Defendant's case at the time of his requests for production. . . In other words, Defendant is suggesting that the Court may not compel a substantive response requiring him to review the documents that he requested be produced." (Id.) Moreover, the United States asserts that "such review of the medical records is presumably necessary to Defendant's own case or to his preparation for rebuttal. Thus, no special effort is involved in reviewing the documents subject to the instant requests." (Id. at 10-11.)

The Court acknowledges that the Requests involve the review of more than 20,000 pages of documents. However, as the United States notes, the Court presumes that the documents are pertinent to Defendant's case or rebuttal, as suggested by the United States. Furthermore, given the considerable passage of time that has passed since the United States filed its Third Requests for Admissions, the Court further presumes that Defendant has had ample opportunity to review the plethora of documents. Accordingly, the Court overrules Defendant's objections on this ground.

Finally, Defendant objects to the Requests on the ground that they are misleading in that they assume that the medical records demonstrate whether a beneficiary met the Medicare criteria for a group II mattress. (Doc. No. 71, Exhibit 3 at 1-11; Doc. No. 86 at 2-11.) As such, Defendant asserts that the Requests are not capable of a clear response "that would not be misleading and confusing

to the jury." (Id.) The United States asserts that Defendant's objections are "not predicated on any cognizable legal theory, but rather, his opinion that the request might be misleading to the jury." (Doc. No. 72 at 11.) The United States further asserts that Rule 36 does not permit Defendant to refuse to respond "simply because he disagrees with the premise of a request or finds it inconsistent with his theory of the case." (Id. at 11-12.)

The Court finds that Defendant may respond to the Requests with an explanation that the medical records do not demonstrate necessarily that a beneficiary met or did not meet the Medicare coverage criteria. Accordingly, Defendant's objections on this ground are overruled.

Requests numbers 8 and 9, and Defendant's responses are as follows:

> **Request No. 8**: Please admit that there are 1687 claims identified in Exhibit A to the Amended Complaint.
> **Response No. 8**: Defendant objects to Request No. 8 on the ground that it exceeds the scope of what is permitted by Fed. R. Civ. P. 36(a). Exhibit A to Plaintiff's Amended Complaint is a redacted document containing dates and financial figures assembled by the Plaintiff. Whether they are "claims" or whether Plaintiff has accurately calculated the number of claims asserted in its own pleadings is not an appropriate subject of inquiry for a request for admission.

> **Request No. 9**: Please admit that for the 1687 claims identified in Exhibit A to the Amended Complaint Group II was paid $85,009.
> **Response No. 9**: Defendant objects to Request No. 9 on the ground that it is not an appropriate request to admit within the purview of Fed. R. Civ. P. 36(a). Exhibit A contains dates and figures, but no other information that would be sufficient from which Defendant could admit or deny Request No. 9. Defendant would need to have access to the financial paperwork for the alleged 1,687 claims, which is not in his possession, custody or control, in order to analyze whether charges were billed, payment was received, or payments were refunded. Moreover, Request No. 9 seeks admission with respect to a large quantity of documents not included with the Requests for Admission, which generates confusion and an unfair burden to Defendant.

(Doc. No. 71, Exhibit 3 at 12-13; Doc. No. 86 at 12-13.)

Regarding Request number 8, the United States asserts that in May, 2006, the United States

provided Defendant an unredacted copy of Exhibit A, "which contains dates of service, billed amounts, allowed amounts, paid amounts, beneficiary names and the name of the facility where the group II mattresses were delivered." (Doc. No. 72 at 13.) Furthermore, the United States asserts that in September, 2006, the United States provided Defendant "the Medicare data for the claims submitted by Group II and paid by Medicare." (Id.) Consequently, Defendant "had in his possession for at least six months, all of the information necessary to respond to Request 8."

Given that Defendant received unredacted copies of the documents referenced in Request number 8, the Court finds that Defendant's objection is without merit. Though Defendant asserts that his confirmation of the United States' counting of the number of claims is not a proper request, he cites no legal basis for his argument, and the Court finds none. Accordingly, the Court overrules Defendant's objections to Request number 8.

Regarding Request number 9, the United States asserts that despite Defendant's objections to the contrary, the United States provided Defendant with unredacted copies of Exhibit A and the Medicare claims data needed to respond to Request number 9. (Doc. No. 72 at 14.) The United States further asserts that Exhibit A "includes a column identifying the sum paid to Group II for each claim listed. The last page of the unredacted copy of Exhibit A includes a total of paid claims in the amount of $858,009.14." (Id. at 14-15.) Accordingly, for the same reasons as stated regarding Request number 8, the Court overrules Defendant's objections to Request number 9.

Accordingly, it is hereby **ORDERED** that the United States' Motion for an Order Deeming Admitted the Matters Set Forth in its Third Requests for Admission (Doc. No. 71.) is **DENIED**. It is further **ORDERED** that the United States' Alternative Motion for an Order Requiring Defendant to Serve Full and Complete Answers (Doc. No. 71.) is **GRANTED**; Defendant shall submit his

responses to the United States' Third Requests for Admission on or before **Monday, April 14, 2008**.

      **3.**        **Motion to Compel (Doc. No. 73.)**.

      On April 9, 2007, the United States filed a Motion seeking to compel responses from Defendant to the United States' Third Request for Production. (Doc. No. 73.) Alternatively, the United States seeks to exclude any and all evidence that would have been responsive to the Requests, pursuant to rule 37(d). (Id.) In support of its Motion, the United States alleges that Defendant's objections to the Requests are without merit. (Id. at 2.) Defendant filed his Response in Opposition to the Motion on May 3, 2007. (Doc. No. 87.)

      The United States' Third Request for Production and Defendant's Response are as follows:

      **Request No. 1**: Please produce any and all documents or other materials that support each denial to the United States' Third Requests for Admission.

      **Response No. 1**: There are no documents response to Request No. 1 in light of the fact that all of the United States' Third Requests for Admission were objectionable and objections were timely interposed against the same.

(Doc. No. 73 at 1.) The United States asserts that Defendant "did not assert that the requested production is subject to a Fifth Amendment privilege, and thus, Defendant may not now decline to produce responsive documents for fear of incrimination." (Id. at 1-2.) Defendant asserts that he has not waived his Fifth Amendment privilege against self-incrimination. (Doc. No. 87 at 2.)

      The Court has this day overruled Defendant's objections pertaining to the United States' Third Requests for Admissions, and has ordered Defendant to submit his responses to counsel for the United States on or before Monday, April 14, 2008. Accordingly, it is hereby **ORDERED** that the United States' Motion to Compel (Doc. No. 73.) is **DENIED**. However, the Court **ORDERS** Defendant to respond to the United States' Third Requests for Production on or before **Monday, April 14, 2008**. If Defendant does not file a timely response, then the United States may consider

21

filing a further Motion to Compel. The Court further finds, as discussed above with regard to the United States' Motion regarding its Second Requests for Admission, that Defendant has not in any manner waived his Fifth Amendment privilege against self-incrimination.

In accordance with Rule 72(a) fo the Federal Rules of Civil Procedure, the ruling set forth above on these non-dispositive motions may be contested by filing, within 10 days, objections to this Order with District Judge Johnston. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found to be clearly erroneous or contrary to law.

The Clerk is requested to deliver a copy of this Order to counsel of record.

ENTER: March 31, 2008.

R. Clarke VanDervort
United States Magistrate Judge